FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 10, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID LANFOR,<br><br>       Plaintiff,<br><br>  v.<br><br>WENATCHEE VALLEY COLLEGE, Ph.D. FAIMOUS HARRISON, Ph.D. DIANA GARZA, DOES 1-5.,<br><br>       Defendants. | NO. 2:26-CV-0013-TOR<br><br>ORDER ON MOTIONS |

BEFORE THE COURT are Plaintiff's Motion to Amend (ECF No. 28), Defendants' Motion to Dismiss (ECF No. 13), and Defendants' Motion for Protective Order (ECF No. 20).  These matters were submitted for consideration without oral argument.  The Court has reviewed the record and files herein and is fully informed.

ORDER ON MOTIONS ~ 1

**BACKGROUND**

The following facts are taken from Plaintiff's original complaint.  ECF No. 1.  Plaintiff is a student that enrolled at Wenatchee Valley College ("WVC") from 2021 through 2025.  ECF No. 1 at ¶ 16.  In the fall of 2022, Plaintiff enrolled in ENGR 329, a core course for his engineering pathway.  *Id.* at ¶ 22.  Prior to the start of the term, the students of ENGR 329 were notified that the assigned instructor was having issues with his visa in returning to the United States and would be delayed.  *Id.* at ¶ 23.  As a result, the course proceeded with little to no instruction, and all students were ultimately given an A despite the course objectives not being fulfilled.  *Id.* at ¶¶ 26,27.  Plaintiff alleges that no corrective action was ever taken and he did not receive the instruction for which he had enrolled and paid for.  *Id.* at ¶¶ 28,31.  Plaintiff alleges that the experience with ENGR 329 impacted his academic confidence and momentum and he subsequently withdrew from another course in the Spring 2024 quarter and failed a math course in the Winter 2025 quarter.  ECF No. 1 at ¶¶ 32-40.

Plaintiff alleges that he made complaints to the Northwest Commission on Colleges and Universities but was told he had to exhaust WVC's internal grievance process first.  *Id.* at ¶¶ 41,42.  Plaintiff then submitted a formal grievance to WVC Vice President Diana Garza seeking academic relief including grade removal and tuition credit.  *Id.* at ¶ 43.  Plaintiff alleges his concerns were not addressed and on

ORDER ON MOTIONS ~ 2

May 8, 2025, a "VP Hold" was placed on Plaintiff's student account to prevent registration. *Id.* at ¶¶ 44,45. Plaintiff was notified that the enrollment hold would not be removed until Plaintiff met with CARE administrators. *Id.* at § 46. Plaintiff asserts he was not provided with any notice of alleged violations or an opportunity to contest the hold. As a result, Plaintiff has been unable to register for courses. *Id.* at ¶ 53. Additionally, after the hold was placed on Plaintiff's account, WVC eliminated Plaintiff's degree pathway. Plaintiff alleges that due to Defendants' actions, Plaintiff "has suffered loss of educational opportunity, delay of career advancement, loss of academic honors standing, emotional distress, and the effective deprivation" of education. *Id.* at ¶¶ 53,56.

Plaintiff filed his original complaint on January 13, 2026, bringing claims of retaliation, denial of due process, and municipal liability under 42 U.S.C. § 1983, and a state law claim for breach of contract. ECF No. 1 at ¶¶ 57-73. On April 1, 2026, Defendants filed a motion to dismiss the complaint for failing to state a claim. ECF No. 13. After the motion was fully briefed, Plaintiff filed a motion to amend his complaint on May 21, 2026 and requested that the Court take it under consideration in issuing its ruling on Defendants' motion to dismiss. ECF Nos. 28, 29.

Defendants have also filed a motion for a protective order regarding several of Plaintiff's discovery requests. ECF No. 20.

ORDER ON MOTIONS ~ 3

## MOTION TO AMEND

Under Federal Rule of Civil Procedure 15(a), once a responsive pleading has been served, "a party may amend its pleading only with the opposing party's written consent or the court's leave," which the court should grant freely "when justice so requires." In determining whether an amendment should be granted, courts may consider: (1) whether the motion was made in bad faith; (2) any repeated failure to cure deficiencies by previous amendments; (3) prejudice to the opposing party; and (4) futility of the amendment. *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 n.5 (9th Cir. 2011).

After consideration of the listed factors, the Court **GRANTS** Plaintiff's motion to amend.

## MOTION TO DISMISS

Defendants move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188 (9th Cir. 1989). A motion to dismiss for failure to state a claim "tests the legal sufficiency" of the plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads

ORDER ON MOTIONS ~ 4

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This requires the plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. While a plaintiff need not establish a probability of success on the merits, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

When analyzing whether a claim has been stated, the Court may consider the "complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (*citing Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]" however "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).

The Court "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*,

ORDER ON MOTIONS ~ 5

556 U.S. at 662.  A claim may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Navarro*, 250 F.3d at 732.

"The filing of an amended complaint generally moots a pending motion to dismiss unless the amended complaint is substantially identical to the original complaint."  *Zimmerman v. PeaceHealth*, 701 F. Supp. 3d 1099, 1108 (W.D. Wash. 2023).  If the amended complaint contains the same defects raised in the original motion, "the court simply may consider the motion as being addressed to the amended pleading."  6 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1476 (3d ed. 1998) (Jul. 7, 2023 Update).

Here, the amended complaint narrows Plaintiff's claims to due process violations and retaliation under § 1983.  ECF No. 1 at ¶¶ 86-102.  Therefore, the Court need only address Defendants' challenges to those claims.

*1. Eleventh Amendment*

Defendants argue that Plaintiff's claims are barred under the Eleventh Amendment.  The Eleventh Amendment bars individuals from bringing lawsuits against "a state, a division of a state, or an instrumentality/arm of a state without the state's consent."  *Arizona Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 864 (9th Cir. 2016).  However, it does not bar "suits for prospective declaratory and injunctive relief against state officers, sued in their official capacities, to enjoin

ORDER ON MOTIONS ~ 6

an alleged ongoing violation of federal law." *Agua Caliente Band of Cahuilla Indians v. Hardin*, 223 F.3d 1041, 1045 (9th Cir. 2000).

In this case, Plaintiff's original complaint brings claims against WVC, Faimous Harrison in his individual and official capacity, and Diana Garza in her individual and official capacity. ECF No. 1 at 1. A public community college, such as WVC, is an arm of the state entitled to Eleventh Amendment immunity. *Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007). Plaintiff's arguments otherwise are unavailing. Therefore, Plaintiff's claims against WVC are **dismissed.**

As to the claims against Garza and Harrison, Plaintiff first argues that his claims against them are not barred by the Eleventh Amendment because he is alleging an ongoing deprivation and seeks prospective relief. ECF No. 18 at 3-4. Defendants contend that there is no ongoing violation of federal law and the only relief available to Plaintiff is retrospective. ECF No. 19 at 4-5. Plaintiff's amended complaint seeks injunctive relief requiring the removal of the registration holds and constitutionally adequate procedures before future enrollment restrictions. ECF No. 28-1 at 13. Therefore, it would appear Defendants' argument is now moot.

Plaintiff also argues that Garza and Harrison are being sued in their individual capacities and are therefore "persons" for § 1983 purposes. *Id.* at 4-5.

ORDER ON MOTIONS ~ 7

The Eleventh Amendment does not bar claims brought against state officials in their individual capacity, if their individual actions caused constitutional violations. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 107-09 (1984). Defendants respond that the complaint only alleges that Defendants, acting in their official capacities, placed a "VP hold" on Plaintiff's account.  ECF No. 19 at 5. Defendants assert that Plaintiff does not allege that Defendants acted under color of law in a manner that caused constitutional violations. *Id.*

Plaintiff's amended complaint makes allegations that Garza and Harrison acted under color of state law and personally participated in the alleged constitutional violations.  Therefore, Defendants' argument is also now moot.  As Defendants' remaining arguments rest on their assertion that Plaintiff failed to sue a proper person for § 1983 purposes, those are also moot in light of Plaintiff's amended complaint.  ECF No. 13 at 7-8.

Therefore, Defendants' motion to dismiss is **GRANTED IN PART**.  The claims against WVC are **dismissed with prejudice**.

## MOTION FOR PROTECTIVE ORDER

Defendants move for a protective order.  ECF No. 20.  Plaintiff served Defendants with requests for production ("RFP") on April 9, 2026.  ECF No. 21-2. The relevant RFPs for purposes of Defendants' motion are as follows:

> RFP No. 8: All communications concerning Plaintiff, including but not limited to emails, text messages, and messaging applications,

ORDER ON MOTIONS ~ 8

regardless of device used (including personal devices used for college business).

RFP No. 10: All documents reflecting or identifying the authority, delegation of authority, or decision-making responsibility for placing, approving, or maintaining registration holds on students, including any documents showing who had final authority over the hold placed on Plaintiff.

RFP No. 12: Documents sufficient to identify all students, within the past five (5) years, who were placed on a registration hold for behavioral or conduct-related reasons, including for each: the reason for the hold, the process provided to the student, whether notice and opportunity to respond were provided, [and] the outcome or resolution.

ECF No. 21-2.

On April 15, 2026, Defendants responded to Plaintiff with a letter objecting to RFP Nos. 8 and 10 as overly broad and requested that the parties meet and confer pursuant to Fed. R. Civ. P. 37(a)(1) to address the objections.  ECF No. 21-1.  The parties conferred on April 29, 2026, and Plaintiff agreed to limit the time period of his RFPs to when he was a student at WVC, limit RFP No. 10 to the last 10 years and only as to the Vice President and disciplinary holds, and rewrite RFP No. 8 to clarify the production sought.  ECF No. 21-3.  The parties also discussed RFP No. 12 and disagreed on whether the sought information was protected from disclosure under the Family Educational Rights and Privacy Act ("FERPA"), 88 Stat. 571, 20 U.S.C. § 1232g. *Id.*

Defendants now seek a protective order limiting the scope of Plaintiff's requests for production ("RFP"), specifically Nos. 8, 10, and 12.  ECF No. 20.  As

ORDER ON MOTIONS ~ 9

an initial matter, the Court notes that Plaintiff's response to Defendants' motion is untimely under LCivR 7(c)(2)(A).  Plaintiff may be proceeding pro se but he still expected to follow the "same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  The Court will consider Plaintiff's response this time, but warns him that failure to comply with the local rules "may be deemed consent" to the entry of an adverse order.  LCivR 7(e).

### 1. *Legal Standard*

Under Federal Rule of Civil Procedure 26(b)(1), the scope of discovery is broad and includes "any nonprivileged matter that is relevant to any party's claim or defense . . . ."  Fed. R. Civ. P. 26(b)(1).  Yet, under Rule 26(c)(1), the court may, for good cause, issue an order limiting discovery to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  The burden is upon the party seeking the order to "show good cause" by demonstrating harm or prejudice that would result from the discovery. *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1064 (9th Cir. 2004 (quoting *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)).

### 2. *RFP Nos. 8 and 10*

Defendants seek a protective order limiting the scope of RFP Nos. 8 and 10 to the years Plaintiff was enrolled at WVC.  ECF No. 20 at 3-4.  Defendants further request that RFP No. 10 be "limited to specific topics relevant to the case." *Id.* at

ORDER ON MOTIONS ~ 10

4-5.  Rule 26(b)(1) already limits the scope of discovery to materials "relevant to any party's claim or defense," thus, Defendants' request does not require a protective order.

Plaintiff argues that Defendants' motion does not take into consideration Plaintiff's narrowing proposals made after the parties conferred on April 29, 2026. ECF No. 30 at 4.  It appears the parties already agreed to limit Plaintiff's RFPs to the years he was enrolled at WVC other than RFP No. 10.  Defendants argue that a scope of ten years for RFP No. 10 places an undue burden on Defendants.  ECF No. 20 at 4-5.  The Court agrees and narrows the scope of RFP No. 10 to the years Plaintiff was enrolled at WVC.  Defendants' motion with regard to RFP Nos. 8 and 10 is **granted**.

   *3.  RFP No. 12*

Defendants argue that RFP No. 12 seeks documents that are privileged under FERPA and not subject to disclosure.  ECF No. 20 at 6-7.  Alternatively, Defendants seek an order narrowing the scope of the requested records.  *Id.* Plaintiff responds that FERPA does not bar the disclosure of student records where personally identifying information is redacted or otherwise protected.  ECF No. 30 at 5.  Plaintiff contends that any privacy concerns in this case can be adequately addressed.  *Id.*

ORDER ON MOTIONS ~ 11

FERPA protects education records, or personally identifiable information contained therein, from improper disclosure with a student or parent's consent. *See* 20 U.S.C. §§ 1232g(a), (b)(1); *Owassa Indep. Sch. Dist. No. I-011 v. Falvo*, 534 U.S. 426 (2002). However, a number of district courts have held that FERPA does not create an evidentiary privilege during discovery in civil litigation. *See, e.g.*, *Doe v. Manhattan Beach Unified Sch. Dist.*, No. CV1906962DDPRAOX, 2020 WL 11271845, at *4 (C.D. Cal. Oct. 20, 2020) ("FERPA does not set forth a privilege that prevents disclosure of student records, but rather threatens sanctions to deter schools from adopting policies of releasing student records."); *Jun Yu v. Idaho State University*, Case No.: 4:15-cv-00430-REB, 2017 WL 1158813, at *2 (D. Idaho Mar. 27, 2017) ("Under the provisions of the statute, a school is not subject to sanctions for disclosure of education records covered by FERPA when such disclosure was made pursuant to judicial order or lawfully issued subpoena."); *Ellis v. Cleveland Municipal Sch. Dist.*, 309 F. Supp. 2d 1019 (N.D. Ohio 2004) ("[W]hile FERPA was intended to prevent schools from adopting a policy or engaging in a practice of releasing educational records, it does not, by its express terms, prevent discovery of relevant school records under the Federal Rules of Civil Procedure."). Rather, a party seeking disclosure of education records must meet a "significantly heavier burden" demonstrating that the need for the information outweighs the students' privacy interests. *See June Yu*, 2017 WL

ORDER ON MOTIONS ~ 12

1158813, at *2 (collecting cases).  For example, courts have found this burden met where a plaintiff is claiming discrimination and the information is needed to prove disparate treatment.  *See id.*

Plaintiff argues that he seeks the records at issue "to determine whether similarly situated students were subjected to comparable enrollment holds, CARE interventions, disciplinary procedures, or procedural protections."  ECF No. 30 at 5.  Plaintiff does not bring a discrimination claim but rather § 1983 claims of retaliation and denial of due process.  ECF No. 28-1.  Therefore, as it stands, the Court does not find that Plaintiff has demonstrated why the requested records are relevant to Plaintiff's claims or that the need for that information outweighs the students' privacy interests in those records.  Thus, while the Court does not conclude that FERPA creates an evidentiary privilege, it **grants** Defendants' motion with regard to RFP No. 12 to the extent Plaintiff has not demonstrated relevance or that his need for the information outweighs any privacy interests.

//

//

//

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion to Amend (ECF No. 28) is **GRANTED**.  Plaintiff shall promptly file his First Amended Complaint.

ORDER ON MOTIONS ~ 13

2. Defendants' Motion to Dismiss (ECF No. 13) is **GRANTED IN PART**. All claims against Wenatchee Valley College are **DISMISSED WITH PREJUDICE**. The District Court Executive shall enter judgment accordingly.

3. Defendants' Motion for Protective Order (ECF No. 20) is **GRANTED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED June 10, 2026.



THOMAS O. RICE
United States District Judge

ORDER ON MOTIONS ~ 14